**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JUL 0 1 2009

U. S. DISTRICT COURT
E. DISTRICT OF MO.

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. |
| MICHAEL MORGAN,<br>  a/k/a "Missouri Mike,"<br>ROBERT HACKMAN,<br>TEDDY KIRIAKIDIS<br>  a/k/a "Teddy Bogart,"<br>RONALD CREACH, and<br>JACK RUPPEL, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**4:09CR00441CEJ**

### INDICTMENT

### COUNT I

The Grand Jury charges that:

A.   THE CONSPIRACY

1.   Beginning in or about January 2008 and continuing through in or about June 2009, in the Eastern District of Missouri and elsewhere,

**MICHAEL MORGAN, a/k/a "Missouri Mike,"
ROBERT HACKMAN,
TEDDY KIRIAKIDIS a/k/a "Teddy Bogart,"
RONALD CREACH, and
JACK RUPPEL**

the defendants herein, did knowingly and willfully combine, conspire, confederate and agree with each other, and with persons known and unknown to the Grand Jury, to commit the following offenses against the United States, to wit:

    a.    knowingly buying selling, delivering, possessing, training, or transporting animals for participation in animal fighting ventures, in violation of Title 7, United States Code, Section 2156(a)(2)(b); and

    b.    knowingly using the United States Postal Service or any instrumentality of interstate commerce for commercial speech for purposes of advertising an animal for use in an animal fighting venture, promoting, or in any other manner furthering an animal fighting venture, in violation of Title 7, United States Code, Section 2156(a)(2)(c).

1. <u>MANNER AND MEANS OF THE CONSPIRACY</u>

It was part of the conspiracy that the defendants, their co-conspirators, and other persons known and unknown to the grand jury, accomplished, and attempted to accomplish, the objects of the conspiracy in the following manner and through the following means:

1.    The defendants and their co-conspirators would and did purchase, own, and develop parcels of property to serve as housing and training for Pit Bull Terriers that were involved in the animal fighting ventures and for hosting dog fighting competitions.

2.    The defendants and their co-conspirators established and ran various "kennel" operations to breed, train, condition, and develop Pit Bull Terriers for participation in animal fighting ventures, and to represent themselves in animal fighting ventures and dog fighting competitions. Specifically, defendant Robert Hackman operated "Shake Rattle and Roll Kennel," defendant Jack Ruppel and an individual known to the grand jury operated "Ozark Hillbillys Kennel," defendant Michael Morgan a/k/a "Missouri Mike" operated "Cannibal Kennel," and defendant Ronald Creach operated "Hard Goodbye Kennel."

3.      The defendants and their co-conspirators purchased, bred, trained, and sold Pit Bull Terriers for use in dog fighting ventures, "rolls," matches, and competitions.

4.      The defendants and their co-conspirators acted in various roles during and in relation to animal fighting ventures and dog fighting matches. Said roles included acting as: (1) "promoters" and "facilitators," or individuals who sponsor, arrange and host dog fights, including arrangements for the location and also identifying the individual who will bring and construct the "pit," or specialized dog fighting arena; (2) "referees," or individuals who call the fight and assure that rules specific to dog fighting are followed by the participants as well as handling the primary wagers and forfeit monies between dog owners; (3) "handlers," or individuals responsible for holding and handling dogs during the actual fight; (4) "time keepers," or individuals responsible for calling the length of a fight; and, (5) "spectators," or individuals who attend dog fights and often place side wagers on the actual matches.

5.      The defendants and their co-conspirators, promoted, "hooked," hosted, refereed, and otherwise sponsored and exhibited Pit Bull Terriers in animal fighting ventures and dog fighting competitions in interstate commerce involving dogs that moved across state lines, and through the use of instrumentalities of interstate commerce, those being cellular and mobile phones used to arrange, promote, and facilitate such fights.

6.      The defendants and their co-conspirators provided funding for expenses associated with ongoing animal fighting ventures, including improvements to properties, dog food and sustenance, medicine, medical care, travel expenses, and wagering bets and fees for dog fighting ventures.

7. The defendants and their con-conspirators developed the animal fighting venture's pool of Pit Bulls Terriers by testing the aggressiveness and fighting prowess of dogs, "rolling" dogs, providing veterinary treatment for injured dogs that stayed with respective defendants and their "kennels" and owners, and destroying or otherwise disposing of dogs not selected to stay with any ongoing animal fighting ventures.

8. The defendants and their co-conspirators would promote, facilitate, and conduct illegal gambling and bookmaking activities in conjunction with said animal fighting ventures including regularly wagering and betting on contract dog fights, the payment of "forfeit money," or funds similar to escrow monies used to secure upcoming contract fights, the payment and exchange of money as part of primary bets and purses, and other wagering and bets that consisted of payment and exchange of "side bets" at dog fighting competitions.

9. The defendants and their co-conspirators would use the United States Postal Service to mail forfeit money, and communicate with cellular and mobile telephones, electronic mail, and other forms of interstate communication with various individuals, both indicted and unindicted, to promote, arrange, and facilitate animal fighting ventures and dog fighting competitions.

10. The defendants and their co-conspirators would routinely inhumanely abandon, destroy, and otherwise dispose of Pit Bull Terriers that lost fighting competitions, did not perform aggressively enough, or that became injured, wounded, or disabled as a result of participating in an animal fighting venture.

C. <u>OVERT ACTS COMMITTED IN FURTHERANCE OF THE CONSPIRACY</u>

In furtherance of the conspiracy, and to effect the objects thereof, at least one of the following overt acts, among others, was committed by the defendants and other conspirators in the Eastern District of Missouri and elsewhere:

1. On or about July 26, 2008, defendant Jack Ruppel, attended a contract dog fight in Warren County, Missouri. During the fight, defendant Ruppel met an individual known to the Grand Jury and identified himself as an individual involved in animal fighting ventures, specifically Pit Bull dog fighting.

2. Sometime between August 1 and August 11, 2008, defendant Jack Ruppel suggested and promoted a contract dog fight to take place between an individual known to the Grand Jury, and an individual known as B. Cash, who co-operated "Ozark Hillbillys Kennel," in partnership with defendant Jack Ruppel. Said contract dog fight was to match a male, fighting Pit Bull Terrier identified as "Freak" from Ozark Hillbillys Kennel with another fighting Pit Bull Terrier yet to be identified.

3. Prior to August 13, 2008, defendant Teddy Kirikadis a/k/a "Teddy Bogart" kept, housed, and maintained a male, fighting Pit Bull Terrier identified as "Bo" at his residence. Defendant Kiriakidis and an individual known to the Grand Jury "rolled" or fought "Bo" against another male fighting Pit Bull Terrier. Also prior to August 13, 2008, while at his residence, defendant Robert Hackman rolled a fighting Pit Bull Terrier identified as "Bad Ronnie" with another male, fighting Pit Bull Terrier identified as "Bo." Thereafter, defendant Robert Hackman purchased said Pit Bull Terrier identified as "Bo."

4. On or about August 13, 2008, defendant Robert Hackman, operator of "Shake, Rattle, and Roll Kennel" sold a male fighting Pit Bull Terrier identified as "Bo" to an individual known to the Grand Jury for $1,500.00, along with medicine and a mixture or substance that defendant Hackman identified as "steroids" that could be administered to "Bo" for participation in, and preparation for, a subsequent dog fighting match.

5. On or about September 4, 2008, defendant Jack Ruppel, called an individual known to the Grand Jury and further promoted the contract dog fight between B. Cash, of "Ozark Hillbilly Kennel" with a fighting Pit Bull Terrier identified as "Freak," and a fighting Pit Bull Terrier identified as "Bo."

6. On or before September 27, 2008, defendant Ronald Creach spoke to other co-conspirators and agreed to facilitate, and host a dog fighting match on premises that he owned or controlled located at 3964 Old State Road, Leslie, Missouri.

7. On or about September 27, 2008, defendants Ronald Creach and Michael Morgan a/k/a "Missouri Mike" "rolled" or fought two fighting Pit Bull Terriers and participated in a non-contract dog fight on property located at 3964 Old State Road, Leslie, Missouri, said property being owned or controlled by defendant Ronald Creach.

8. On or about September 27, 2008, defendant Ronald Creach sponsored and hosted a contract dog fight on property located at 3964 Old State Road, Leslie, Missouri. Said contract dog fight being between two male Pit Bull Terriers identified as "Freak" and "Bo." During the contract dog fight, defendant Ronald Creach acted as the "referee" and handled the bet monies and received $100.00 in exchange. Also participating in, and attending, were defendants: Michael Morgan a/k/a "Missouri Mike," Robert Hackman, Jack Ruppel, and Teddy Kiriakidis a/k/a "Teddy Bogart," among others known and unknown to the Grand Jury.

9. On or about September 27, 2008, defendant Robert Hackman placed a $300.00 cash wager on a Pit Bull Terrier identified as "Bo" to win a contract dog fight, said $300.00 being a portion of the agreed upon sale price that defendant Robert Hackman was paid when he sold "Bo" on or about August 13, 2008.

In violation of Title 18, United States Code, Section 371 and 2.

## COUNT II

The Grand Jury Further charges that:

A.  THE CONSPIRACY

1. Beginning in or about November 2008, and continuing through on or about February 1, 2009, in the Eastern District of Missouri and elsewhere,

**MICHAEL MORGAN, a/k/a "Missouri Mike,"
ROBERT HACKMAN,
TEDDY KIRIAKIDIS a/k/a "Teddy Bogart,"
RONALD CREACH, and
JACK RUPPEL**

the defendants herein, did knowingly and willfully combine, conspire, confederate and agree with each other, and with persons known and unknown to the Grand Jury, to commit the following offenses against the United States, to wit:

a. knowingly buying, selling, delivering, possessing, training, or transporting animals for participation in animal fighting ventures, in violation of Title 7, United States Code, Section 2156(a)(2)(b); and,

b. knowingly using the United States Postal Service or any instrumentality of interstate commerce for commercial speech for purposes of advertising an animal for use in an animal fighting venture, promoting, or in any other manner furthering an animal fighting venture, in violation of Title 7, United States Code, Section 2156(a)(2)(c).

7

B.  MANNER AND MEANS OF THE CONSPIRACY

1.  The allegation contained in paragraphs B1 through B10 are incorporated by reference as if set out fully herein.

C.  OVERT ACTS COMMITTED IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy, and to effect the objects thereof, at least one of the following overt acts, among others, was committed by the defendants and other conspirators in the Eastern District of Missouri and elsewhere:

1.  Sometime on or before December 31, 2008, defendants Ronald Creach and Teddy Kiriakidis, a/k/a "Teddy Bogart" spoke with, and asked an individual known to the Grand Jury to attend a contract dog fight to take place on or about January 3, 2009.

2.  On or about October 2, 2008, defendant Jack Ruppel sold and delivered a male fighting Pit Bull Terrier identified as "Chopper," and a female Pit Bull Terrier identified as "Nickle" to an individual known to the Grand Jury for a price of $5,000.00, knowing and believing that said Pit Bull Terrier "Chopper" would later participate in a contract dog fighting match.

3.  On or about October 31, 2008, defendant Jack Ruppel sold and delivered a male fighting Pit Bull Terrier identified as "Winchester," to an individual known to the Grand Jury for a price of $400.00, knowing and believing that said Pit Bull Terrier "Winchester" would later participate in a dog fighting match.

4.  On or about October 31, 2008, defendant Ruppel sold and delivered a treadmill to an individual known to the Grand Jury for a price of approximately $700.00, intending said treadmill to be used for purposes of training Pit Bull Terriers for participation in animal fighting

ventures. Defendant Ruppel further delivered a mixture or substance identified as a steroid "dextromethasone," intending it to be administered to Pit Bull Terriers to treat injuries sustained from participating dog fighting activities.

5.	On or about January 3, 2009, defendant Robert Hackman sold a bottle containing a mixture or substance represented to be "medicine" intended to be administered to Pit Bull Terriers in preparation for, or participation in, dog fighting matches, to an individual known to the Grand Jury for $500.00.

6.	On or about January 3, 2008, defendants Ronald Creach and Michael Morgan, a/k/a "Missouri Mike" fought or "rolled" three Pit Bull Terriers at property owned or controlled by defendant Ronald Creach in Leslie, Missouri, with no wagers or bets being placed on the fight.

7.	On or about January 3, 2009, defendants Ronald Creach and Michael Morgan a/k/a "Missouri Mike" transported, delivered and assisted in constructing a metal fighting "pit" box for the contract dog fight to take place on the same date at a residence in Leasburg, Missouri.

8.	On or about January 3, 2009, defendant Teddy Kiriakidis, a/k/a "Teddy Bogart" hosted, promoted, and facilitated a contract dog fight at a residence in Leasburg, Missouri. Said contract dog fight being between a female fighting Pit Bull Terrier identified as "Roho" transported to the fight from Indiana, and a second female Pit Bull Terrier identified as "Josey" transported to the fight from Oklahoma. Defendant Teddy Kiriakidis, a/k/a "Teddy Bogart" held the primary wager or forfeit money for the fight. Also participating in, and attending, were defendants: Michael Morgan, a/k/a "Missouri Mike" who acted as the "referee" for the fight and held the primary wager money, Robert Hackman, and Ronald Creach, among others known and

unknown to the Grand Jury.

9. On or about January 3, 2009, defendant Teddy Kiriakidis, a/k/a "Teddy Bogart" assisted in killing and disposing of a female Pit Bull Terrier identified as "Roho" which lost the contract dog fight.

10. Between in or about November 2008, and continuing through January 10, 2009, defendant Michael Morgan a/k/a "Missouri Mike" promoted, "hooked" made arrangements for, and facilitated, three contract dog fights that ultimately took place on premises controlled by himself and another individual known as J. Bush in Hannibal, Missouri.

11. Between in or about November 2008, and continuing through January 10, 2009, defendant Michael Morgan a/k/a "Missouri Mike" utilized cellular, mobile, and land lines to place telephone calls to individuals known and unknown to promote the contract dog fights that took place on January 10, 2009.

12. On or about January 10, 2009, defendants Michael Morgan, a/k/a "Missouri Mike," Teddy Kiriakidis, a/k/a "Teddy Bogart," Ronald Creach, and Jack Ruppel participated in, and attended, three contract dog fights. Defendant Michael Morgan, a/k/a "Missouri Mike" acted as the referee for the three fights and held the primary wager money for the fights. Defendant Ronald Creach acted as the "timekeeper" for said fights. Defendants Teddy Kiriakidis, a/k/a "Teddy Bogart," Jack Ruppel and Ronald Creach wagered money as part of the primary bet or placed side wagers on said fights. Said fights being identified and described as follows:

a. between a male Pit Bull Terrier identified as "Chopper" and a male Pit Bull identified as "Eight Ball," from "Eight Ball Kennel" in Mississippi with the total, primary wager purse bing $9,000.00, which was held and handled by defendant Michael Morgan, a/k/a

10

"Missouri Mike."

    b.    between a male fighting Pit Bull Terrier identified as "Junior" and a male Pit Bull Terrier identified as "Pot Hole," with the total, primary wager purse being $1,000.00.

    c.    between a male fighting Pit Bull Terrier identified as "Winchester" and a male Pit Bull Terrier identified as "Jack," with the total, primary wager purse being $400.00.

In violation of Title 18, United States Code, Section 371 and 2.

## COUNT III

The Grand Jury Further charges that:

On or about October 2, 2008, in the Eastern District of Missouri,

## JACK RUPPEL

the defendant herein, did knowingly deliver and sell an animal, in or affecting interstate commerce, for participation in an animal fighting venture, said animal being described as a male Pit Bull Terrier identified as "Chopper," in connection with another animal, for a total sales price of $5,000.00.

In violation of Title 7, United States Code, Section 2156(a)(2)(b), and punishable under Title 18, United States Code, Section 49.

## COUNT IV

The Grand Jury Further charges that:

On or about October 2, 2008, in the Eastern District of Missouri,

## JACK RUPPEL

the defendant herein, did knowingly deliver and sell an animal, in or affecting interstate commerce, for participation in an animal fighting venture, said animal being described as a female Pit Bull Terrier identified as "Nickle," in connection with another animal, for a total sales

price of $5,000.00.

In violation of Title 7, United States Code, Section 2156(a)(2)(b), and punishable under Title 18, United States Code, Section 49.

### COUNT V

The Grand Jury further charges that:

On or about August 13, 2008, in the Eastern District of Missouri,

**ROBERT HACKMAN,**

the defendant herein did knowingly deliver and sell an animal, in or affecting interstate commerce, for participation in an animal fighting venture, said animal being described as a male Pit Bull Terrier identified as "Bo" for a sales price of $1,500.00.

In violation of Title 7, United States Code, Section 2156(a)(2)(b), and punishable under Title 18, United States Code, Section 49.

### COUNT VI

The Grand Jury further charges that:

On or about November 15, 2008, in the Eastern District of Missouri,

**ROBERT HACKMAN,**

the defendant herein, did knowingly deliver and sell an animal, in or affecting interstate commerce, for participation in an animal fighting venture, said animal being described as a female Pit Bull Terrier identified as "Cheyenne" for a sales price of $1,500.00 cash.

In violation of Title 7, United States Code, Section 2156(a)(2)(b), and punishable under Title 18, United States Code, Section 49.

## COUNT VII

The Grand Jury further charges that:

On or about October 14, 2008, in the Eastern District of Missouri,

**MICHAEL MORGAN, a/k/a "Missouri Mike,"**

the defendant herein, did knowingly deliver and sell an animal, in or affecting interstate commerce, for participation in an animal fighting venture, said animal being described as a female Pit Bull Terrier identified as "Black Betty" and a male Pit Bull Terrier identified as "Whiplash" for a sales price of $750.00.

In violation of Title 7, United States Code, Section 2156(a)(2)(b), and punishable under Title 18, United States Code, Section 49.

A TRUE BILL.

_____
FOREPERSON

MICHAEL W. REAP
Acting United States Attorney


_____
MATTHEW T. DRAKE #115986
Assistant United States Attorney